IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSTAFA TOFIGHBAKHSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 10-830 SC<br><br>ORDER GRANTING PLAINTIFF'S <u>MOTION TO REMAND</u> |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Remand ("Motion") filed by Plaintiff Mostafa Tofighbakhsh ("Plaintiff"). Docket No. 19.  Defendants Wells Fargo and Company ("Wells Fargo and Company" or "the Company") and Wells Fargo Bank, N.A. ("Wells Fargo Bank" or "the Bank") filed an Opposition, and Plaintiff submitted a Reply.  Docket Nos. 22, 26.  For the following reasons, Plaintiff's Motion is GRANTED.

## II. BACKGROUND

On December 23, 2009, Plaintiff filed a Complaint in the Superior Court of California, County of San Francisco.  Docket

No. 1 ("Notice of Removal"), Ex. A ("Compl."). According to the Complaint, Plaintiff is a California resident and a representative of a proposed class of similarly situated California citizens; Wells Fargo and Company is "headquartered" in San Francisco, California; and Wells Fargo Bank is a subsidiary of the Company with "a principal place of business in San Francisco's Financial District." Id. ¶¶ 9-11, 38-40.

The Complaint asserts no federal causes of action, and it provides four state-law causes of action: breach of contract, breach of covenant of good faith and fair dealing, violation of section 17200 of the California Business and Professions Code, and unjust enrichment. Id. ¶¶ 51-72. The Complaint refers to Defendants collectively as "Wells Fargo," and does not distinguish between them in alleging the facts giving rise to Plaintiff's causes of action. See id.

According to the Complaint, Plaintiff obtained an adjustable-rate loan from World Savings Bank ("World Savings") in September 2005. Id. ¶ 32. The interest rate on the loan was calculated using the Cost of Savings Index ("COSI") of World Savings' then-parent company, Golden West Financial Corporation ("GDW"). Id. ¶ 3. World Savings later merged with Wachovia, and Wachovia began to use its own index ("Wachovia COSI"), rather than the GDW COSI, to determine the interest rate on Plaintiff's loan. Id. ¶¶ 4, 21. After Wells Fargo acquired Wachovia on December 31, 2008, it retired the Wachovia COSI, calculating the rate using a new index ("Wells Fargo COSI"). Id. ¶¶ 4, 26-27. Plaintiff alleges that the method of calculation of the Wachovia and Wells Fargo COSIs

1  breached Plaintiff's initial loan contract and resulted in
2  "increased interest rates and mortgage payments for former World
3  Savings Bank customers."  Id. ¶¶ 4, 52-54.  Plaintiff alleges that
4  through the acquisition of Wachovia, Defendants "assumed the rights
5  and obligations for Plaintiff's loan," and thus are liable for
6  Wachovia's earlier decision to replace the GDW COSI.  Id. ¶ 35.
7       On February 26, 2010, Defendants removed the case to federal
8  court, arguing that the Company is a sham defendant named only to
9  destroy diversity.  Notice of Removal ¶¶ 3, 5-8.  Plaintiff moves
10 to remand the case back to state court.

**III. LEGAL STANDARD**

Any civil action brought in a state court may be removed to this Court if there is complete diversity of citizenship and where the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332, 1441.  A defendant may remove a case lacking complete diversity and seek to persuade the district court that any non-diverse defendant was fraudulently joined.  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  Id.  A defendant must prove fraudulent joinder by clear and convincing evidence, and there is a general presumption against fraudulent joinder.  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Fraudulent joinder claims may also be resolved by "piercing the pleadings" and considering summary judgment-type evidence such

as affidavits and deposition testimony. <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1068 (9th Cir. 2001) (<u>quoting</u> <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 259 (5th Cir.1995)). However, the court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." <u>Plute v. Roadway Package System, Inc.</u>, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (<u>quoting</u> <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992)).

**IV.   DISCUSSION**

Nowhere in their Opposition do Defendants dispute that Wells Fargo and Company is a citizen of California for the purposes of determining diversity jurisdiction. <u>See</u> Opp'n. Thus, if the Company is not fraudulently joined, there is no diversity between every plaintiff and every defendant, as required by 28 U.S.C. § 1332, and neither are the class-action diversity requirements of 28 U.S.C. § 1332(d) met. Thus, this Motion turns on whether the Company is a sham defendant.

Defendants argue that Wells Fargo and Company is fraudulently joined because Plaintiff has failed to state a cause of action against the Company. Opp'n at 3. Defendants allege that the Company played no role in changing the COSI, and that "only the Bank (or its predecessor banks), as the sole owner of Plaintiff's mortgage, could make any decisions, or take any actions, with respect to Plaintiff's mortgage or the index governing his mortgage." <u>Id.</u> Defendants additionally argue that the Complaint

insufficiently pleads facts supporting indirect liability for the Company for the Bank's actions. Id. at 6.

Plaintiff counters by submitting exhibits it claims show Wells Fargo and Company is directly liable "by virtue of its role in overseeing the merger between Wells Fargo Bank and Wachovia Bank, as well as the creation of the Wells Fargo COSI." Reply at 3. Plaintiff attaches a biography, taken from Wells Fargo's web site, of Patricia R. Callahan ("Callahan"), Wells Fargo and Company's "Executive Vice President, Office of Transition." Abtahi Decl., Exhibit D ("Callahan Bio").[1] According to this biography, Callahan "is responsible for providing oversight and strategic direction for the merger of Wells Fargo & Company and Wachovia Corporation" through the Company's Office of Transition, which "coordinates merger-related activities among all businesses for both companies, gathers and assesses information, tracks progress, shares best practices, and will help create the new Wells Fargo." Id. A biography of Mark Oman ("Oman") taken from the same web site identifies Oman as Wells Fargo and Company's "Senior Executive Vice President, Home and Consumer Finance." Abtahi Decl., Exhibit C ("Oman Bio"). According to the biography, Oman is "leading the integration of Wachovia's mortgage operations into the Wells Fargo Home Mortgage line of business." Id. Plaintiff also attaches a "Frequently Asked Questions" page from the same web site, which states: "While Wachovia Corporation is now a part of Wells Fargo & Co., Wells Fargo Bank, N.A. and Wachovia Bank, N.A. are still separate banks." Abtahi Decl., Ex. A ("Frequently Asked

---

[1] Ali Abtahi, Counsel for Plaintiff, filed a declaration in support of the Motion. Docket 19-1 ("Abtahi Decl.").

5

Questions").

In opposition, Defendants attach declarations from two employees of the Bank and the Company: Oman and John Campbell.[2] Oman declares that he occupies positions at both the Company and the Bank, serving as the Bank's Director and Senior Executive Vice President in addition to the above-mentioned role at the Company. Oman Decl. ¶ 1.  Oman admits that he participated in strategic discussions "surrounding the Wachovia COSI, how the Wachovia COSI operated, and the need to develop a substitute index" due to Wells Fargo's acquisition of Wachovia, but he claims that he performed these duties as an officer of the Bank, and not as an officer of the Company. Id. ¶ 6.  Oman admits that as an officer of the Company, he has the responsibility to "render discrete service on certain Wells Fargo & Company committees," id. ¶ 3, but he does not identify these committees or describe his activity in these committees.  Oman declares that the only entities that made decisions relating to the COSI were "Wachovia Mortgage FSB (formerly known as World Savings Bank FSB), Wachovia Bank N.A. and Wells Fargo Bank, N.A." Id. ¶ 5.

Campbell identifies himself as the "Pick-a-Payment Portfolio Finance Manager at Wells Fargo" -- his declaration is unclear as to whether "Wells Fargo" refers to the Bank or the Company. Campbell Decl. ¶ 1.  Campbell declares that since Wells Fargo and Company acquired Wachovia, "the only entities that made decisions impacting any loan originated by World and World's Cost of Savings Index" are "Wachovia FSB, Wachovia Bank N.A. and Wells Fargo Bank, N.A."

---

[2] Oman and Campbell filed declarations in support of opposition to the Motion.  Docket No. 24 ("Oman Decl."), 23 ("Campbell Decl.").

6

1  Campbell Decl. ¶¶ 1-2.

2  Defendants also suggest that Plaintiff's Complaint relies on
3  "conclusory allegations" to implicate Wells Fargo and Company, and
4  that the Court should determine fraudulent joinder under Federal
5  Rule of Civil Procedure 8's "strict pleading requirements
6  established by the Supreme Court in Bell Atlantic v. Twombly, 550
7  U.S. 544 (2007)."  Opp'n at 5 n.2.

8  In light of the above, the Court finds that Defendants have
9  failed to show fraudulently joinder of Wells Fargo and Company,
10 because they have failed to provide clear and convincing evidence
11 proving that the causes of action against Wells Fargo and Company
12 must obviously fail according to California law.  There is a
13 factual dispute over the Company's role in the acquisition of
14 Wachovia, specifically on the issue of the decision to replace the
15 Wachovia COSI with the Wells Fargo COSI.  This ambiguity is
16 significant, given Defendants' identification of individuals who
17 held joint positions with the Company and the Bank and oversaw the
18 integration of Wachovia into Wells Fargo and Company.  Because
19 Defendants' declarations and papers do not remove this ambiguity,
20 the Court must resolve this dispute in Plaintiff's favor.  In
21 addition, Defendants have provided nothing to refute Plaintiff's
22 allegation that when the Company acquired Wachovia, it also
23 acquired the liability for Wachovia's earlier COSI rate change.

24 Defendant's suggestion that the Court apply Twombly to the
25 issue of fraudulent joiner also fails.  The fraudulent joinder
26 inquiry concerns whether a plaintiff fails to state a cause of
27 action against a local defendant "according to the settled rules of
28

the state," McCabe, 811 F.2d at 1339 (emphasis added), and Rule 8 is not the rule in California.

The parties also dispute the citizenship of Wells Fargo Bank, with Defendants arguing that because the Bank is a national bank, its principal place of business is irrelevant under 28 U.S.C. § 1348 to the determination of citizenship in a diversity action. Notice of Removal, ¶¶ 3, 5-9. Because the Court finds that Defendants failed to show that the Company is fraudulently joined, it does not reach this issue.

## V.  CONCLUSION

For the reasons stated above, Plaintiff Mostafa Tofighbakhsh's motion to remand this case to the Superior Court of California, County of San Francisco, is GRANTED.

IT IS SO ORDERED.

Dated: June 16, 2010

UNITED STATES DISTRICT JUDGE